UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BARBARA GREGG; <br> DAVID GREGG; <br>     Plaintiffs; <br> v. <br> COUNTY OF DARLINGTON; <br> DARLINGTON COUNTY SHERIFF'S <br> DEPARTMENT; CERTAIN UNNAMED <br> OFFICERS AND EMPLOYEES OF <br> DARLINGTON COUNTY; CITY OF <br> NEWTON, NORTH CAROLINA; CITY <br> OF NEWTON POLICE DEPARTMENT; <br> CERTAIN UNNAMED OFFICERS AND <br> EMPLOYEES OF CITY OF NEWTON, <br> NORTH CAROLINA; CITY OF <br> CHARLOTTE, NORTH CAROLINA; <br> CITY OF CHARLOTTE POLICE <br> DEPARTMENT; CERTAIN UNNAMED <br> OFFICERS AND EMPLOYEES OF <br> CITY OF CHARLOTTE, NORTH <br> CAROLINA; <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 4:07-cv-60-RBH <br><br><br><br><br> **ORDER** |

Pending before the court is Plaintiffs' [Docket Entry #12] motion to remand. This case was initially filed in the Darlington County Court of Common Pleas on October 20, 2006. On January 5, 2007, Darlington County and the Darlington County Sheriff's Department removed this case to Federal Court contending that this court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. For the reasons stated below, the court grants the Plaintiffs' motion to remand.

**Factual Background**

This case arises from the alleged mishandling of an attempt to apprehend an alleged murder suspect. Plaintiffs allege the Defendants surrounded their home, ordered them out of their home at gunpoint, and wrongfully detained them, all in plain view of their neighbors. Plaintiffs brought suit against Darlington County, Darlington County Sheriff's Department, certain unnamed officers and employees of Darlington County, ("Darlington County Defendants"), City of Newton, North Carolina, City of Newton Police Department, certain unnamed officers and employees of City of Newton, ("Newton Defendants"), City of Charlotte, North Carolina, City of Charlotte Police Department, and certain unnamed officers and employees of the City of Charlotte, ("Charlotte Defendants").

Plaintiffs' complaint alleges three state common law tort causes of action including: 1) negligence, gross negligence, recklessness, and negligence per se; 2) false arrest; and 3) trespass. Plaintiffs' damages include extreme mental anguish and emotional distress, loss of ability to earn income, loss of enjoyment of life, and substantial litigation costs and attorney fees. Plaintiffs further allege in their complaint that they were denied due process and equal protection of the laws and deprived of rights, privileges and immunities afforded to the citizens of South Carolina and the United States of America.[1] Plaintiffs seek compensatory damages, special damages, and punitive damages from the Defendants.

**Discussion**

Remand of a case to state court following removal is governed by 28 U.S.C. §§

---

[1] Plaintiffs argue that these references to civil rights were not intended to create original jurisdiction with the United States District Court. Plaintiffs also offered to amend their Amended Complaint to remove any references to violations of Plaintiffs' civil rights.

2

1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151. "If federal jurisdiction is doubtful, a remand is necessary." *Id*.

Defendants contend that the court has subject matter jurisdiction over this case because of the federal questions and claims contained in Plaintiffs' complaint. "[F]ederal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Donaldson v. City of Walterboro Police Dept.*, 466 F. Supp. 2d 677, 679 (D.S.C. 2006). "Thus, pursuant to the well-pleaded complaint rule, the plaintiff is the master of his claim, and he may avoid federal jurisdiction by exclusive reliance on state law." *Donaldson*, 466 F. Supp. 2d at 679.

In determining whether subject matter jurisdiction exists under § 1331, the court must first determine whether federal or state law creates the cause of action. *Mulcahey*, 29 F.3d at 151. In this case, even though Plaintiffs use in their complaint verbiage and terms of art normally associated with civil rights causes of action, Plaintiffs' causes of action are premised upon state common law tort theories. Where, as in this case, state law creates the plaintiff's causes of action, "the lower federal courts possess jurisdiction to hear 'only those cases in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Bryan v. BellSouth Communications, Inc.*, 377 F.3d 424, 428-29 (4th Cir. 2004). "A plaintiff's right to relief for

3

a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (emphasis in original). "[I]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." *Dixon*, 369 F.3d at 817. Furthermore, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The defining inquiry is "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote." *Merrell Dow*, 478 U.S. at n. 11 (citing *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 470 (1957) (Frankfurter, J., dissenting)).

In this case, despite Plaintiffs' use of phrases and terms of art normally associated with civil rights causes of action, it is clear that Plaintiffs' right to relief does not "necessarily depend on the resolution of a substantial question of federal law." Therefore, this case, premised on state tort causes of action, does not arise under federal law such that the requirements of federal question jurisdiction are satisfied.

Defendants City of Charlotte, North Carolina and City of Charlotte Police Department ("Charlotte Defendants") argue that the unnamed officers named in the Plaintiffs' complaint are actually federal agents and therefore this court has exclusive jurisdiction of the case pursuant to the Federal Tort Claims Act. 28 U.S.C. §§ 2671-2680. However, the Charlotte Defendants' argument overlooks the fact that neither these unnamed "federal agents" nor the federal agency for whom they are employed have been made parties to this lawsuit. The Plaintiffs make no

4

reference to federal agents in their complaint and from the face of their complaint only intended to name officers and employees of the City of Charlotte, North Carolina. Upon confirmation that the unnamed officers and employees are in fact federal agents, the Plaintiffs may elect not to join them or their federal agency as parties. At this point, a representation that certain "John Doe" defendants are actually federal agents is insufficient to establish federal question jurisdiction.

## Conclusion

For the reasons stated above, the court concludes that this action was removed improvidently and this court is without jurisdiction. Therefore, the Plaintiffs' [Docket Entry #12] motion to remand is **GRANTED.** This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for the Fourth Judicial Circuit in Darlington County. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of Court for the Fourth Judicial Circuit in Darlington County.

**IT IS SO ORDERED**.

May 14, 2007                                              s/R. Bryan Harwell
Florence, South Carolina                                  R. Bryan Harwell
                                                          United States District Judge